Benjamin J. Ferrara Informal Opinion Ferrara, Fiorenza, Larrison, No. 2007-2 Barrett Reitz, P.C. Attorney for the New York Mills Union Free School District 5010 Campuswood Drive East Syracuse, NY 13057
Dear Mr. Ferrara:
You have requested an opinion regarding whether a member of a board of cooperative educational services ("BOCES") is prohibited, pursuant to Education Law § 1950(9), from occasional employment as a per diem substitute in a component school district. As explained more fully below, we are of the opinion that he is so prohibited.
Background
You have explained that a member of the Oneida-Herkimer-Madison BOCES is a retired teacher who, before being elected to the BOCES, occasionally substituted in the New York Mills Union Free School District ("School District"), and, if possible, would like to continue to do so. You have further explained that the School District maintains a list of individuals available to substitute for absent teachers, and the BOCES member would be selected by the School District from this list. You have advised us that the School District is a component of the supervisory district for which the BOCES provides services.[1]
"Substitute service divides itself into two categories, the first of which may be termed `regular substitute service' and the second `itinerant substitute service'." Appeal of Ducey, 65 St. Dep't Rep. 65, 67 (Ed. Dep't 1943). While a "regular substitute" is "one who takes over the class of another teacher upon a *Page 2 
permanent substitute basis; i.e. [sic], under circumstances where the regular teacher for maternity reasons, or for sabbatical or sick leave, or for some other reason, has been given a definite leave of absence" and such service "contemplates a regular assignment for at least a term," an itinerant or "per diem" substitute is one who is "called in for half a day, for short periods or for a week or more, to take the place of a teacher who is temporarily absent because of sickness or otherwise." Id.; see also 8 N.Y.C.R.R. § 80-5.4(a) (defining substitute teachers employed on a long-term basis and on an itinerant basis).
Education Law § 1950(9) provides that "[n]o person shall be eligible to be elected to the office of member of a board of cooperative educational services who is an employee of a school district in the supervisory district." Your question is whether section 1950(9) precludes even occasional employment as a per diem substitute teacher of a BOCES member by the School District.
Analysis
Initially, we note that while on its face, section 1950(9) only prohibits an employee of the school district from "be[ing] elected" a member of a BOCES, we believe that this is in fact a legislative statement as to the incompatibility of the two positions. That is, as we explain more fully below, we believe that the Legislature intended to prohibit a BOCES member from being employed by a component school district as well as to prohibit an employee of a component school district from being elected to a BOCES.
The responsibilities of the members of the BOCES include selecting the superintendent of the supervisory district whenever the position is vacant. Education Law §§ 1950(4), 2204. The BOCES members may also remove the district superintendent from office. Id. § 2212. The superintendent of the supervisory district serves as a local representative of the State Department of Education, with statutory responsibilities in that capacity. See, e.g., id. § 2215 (general powers and duties of superintendent). He or she also serves as the executive director of the BOCES. Id. § 1950(2).
The legislative history to Education Law § 1950(9) indicates that this provision was intended to "prevent conflicts of interest [that] might occur if school district employees elected to such a board were to take part in electing the district superintendent of schools[,] who is the State official charged with supervision of school affairs in the supervisory district." Memorandum to the Governor, reprinted in Bill Jacket for ch. 295 (1958), at 6; see also id. at 7 ("Since [the BOCES] appoints the district superintendent of schools, there appears to be a clear *Page 3 
conflict wherein a principal or a teacher in a local school district will have a voice in the selection or rejection of a candidate for a position of district superintendent of schools, which position is superior to the position of said employees."). The potential conflict of interest would arise from the simultaneous holding of both positions, not just from the election to the BOCES of a current school district employee. Indeed, to construe otherwise would allow the purpose of the legislation to be thwarted by the simple mechanism of delaying employment by a component school district until after being elected a member of a BOCES. Therefore, to effect the intent of the legislation, the prohibition must apply to BOCES members accepting employment by a component school district as well as school district employees being elected to the BOCES. See Application of the Board of Cooperative Educational Services, Sole Supervisory District of Clinton, Essex, Warren, and Washington Counties, 38 Ed. Dep't Rep. 224, Decision No. 14,020 (1998) (concluding that Education Law § 1950(9) does not only prevent the election of a school district employee but also precludes employment by a school district of a BOCES member).
Having concluded that section 1950(9) constitutes a legislative expression of incompatibility of positions, we turn now to the question of whether this section precludes a BOCES member from occasional employment as a per diem substitute teacher for one of the component school districts. We believe that it does. The prohibition against employment by a component school district, under the plain language of section 1950(9), applies equally to a long-term employee and an occasional employee. The legislative history does not indicate an intent to distinguish between types of employees based on length or frequency of employment.
We therefore conclude that section 1950(9) precludes a BOCES member from accepting occasional employment as a per diem substitute in a school district that is part of the supervisory district in which the BOCES serves.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] A BOCES is established to carry out a program of shared educational services in the schools of the supervisory district. Education Law § 1950(1). *Page 1